IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>CASTLE CONSTRUCTION CORPORATION,<br><br>Defendant. | Case No. 11 C 7815<br><br>Judge Leinenweber<br><br>Magistrate Judge Valdez |

**PLAINTIFF'S AGREED MOTION
FOR ENTRY OF JUDGMENT**

Plaintiff Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO (the "Union"), through its attorneys, respectfully moves this Court for entry of judgment against Defendant Castle Construction Corporation ("Company") in the form attached. In support of this motion, the Union submits as follows:

1. This action is a suit under § 301 of the Labor-Management Relations Act, 29 U.S.C. §§ 141, 185, to enforce a labor arbitration award.

2. As set forth in the complaint, the Union is a "labor organization" within the meaning of 29 U.S.C. § 152(5), and maintains its principal place within this district; and the Company is an "employer" within the meaning of 29 U.S.C. §152(2), and does business within this district.

3. The Union and the Company entered into a collective bargaining agreement ("CBA") on or around May 14, 1986, and that agreement has remained in effect and continues to remain in effect.

4. The CBA provides, among other things, that disputes as to the meaning of or compliance with its terms are resolved through a grievance process that culminates in arbitration before a joint arbitration board ("JAB").

5. The Union informed the Company by letter of January 17, 2011 of an allegation that it was in violation of various provisions of the CBA, and further informed it that the grievance would be presented at a hearing before the JAB; the hearing was held on February 11, 2011; and following the presentation of evidence and arguments, the arbitrators rendered their award, and subsequently issued a written decision, a copy of which is attached to the complaint as Exhibit A.

6. The arbitrators sustained portions of the grievance, ruled the Company had violated the CBA, and ordered the Company to make certain payments to the Union, several fringe benefit trust funds ("Funds"), and an individual Bricklayer; ordered the Company to (1) permit the Union to place working stewards on all jobs unless and until relieved of that obligation, (2) provide the LMCC with weekly job location reports, (3) provide a $180,000.00 bond in the required bond form or make an additional payment of $180,000.00 to serve as a cash bond, and (4) cease all work within the Union's geographic and craft jurisdiction, regardless of the name or business form used, until it provided the additional bond and paid the damages; and further ruled that if the Company failed to comply fully with the award, it would be required to

reimburse all legal fees and costs incurred by the Union and/or the Funds starting with the date the award was mailed to it.

7. The Union served the award on the Company's owner and president on May 9, 2011, and although the Company entered into a settlement with the Funds pursuant to which it paid certain amounts to the Funds to satisfy a portion of its obligations, it has not paid the remaining $9,445.98 in damages required by the award, nor has it complied with the other provisions of the award; and its failure to comply fully with the award is a breach of the CBA.

8. As set forth in the Return of Service forms filed with the Clerk on November 28, the summons and complaint were served on the Company through its registered agent on November 14, making its answer or responsive pleading due on December 5.

9. The Company has not answered or filed a responsive pleading, but instead has consented to this motion and to entry of the proposed judgment and order as a means of resolving this matter.

10. The Union seeks an order enforcing the unsatisfied portion of the arbitration award, requiring the Company to comply with it, and providing an appropriate judgment.

11. The parties agree the remaining amount of the damage award is $9,445.98, and adding interest at the designated rate through February 11, 2012, brings the total through that date to $10,390.58.

12. The fees and costs for which the Union seeks reimbursement, and to which the Company also consents, total $2,744.00, comprising $2,279.00 for fees and $465.00 for costs.

13. The basis for the other relief requested is stated in the arbitration award, and the Company has consented to it.

WHEREFORE, the Union respectfully asks that its motion be granted and that judgment be entered against Castle Construction Corporation, in the form attached or otherwise, for $13,055.83 comprising $9,445.98 payable under the award to the Union and the Funds as damages, $944.60 in interest through February 11, 2012, and $2,744.00 as reimbursement for legal fees and costs; ordering it to pay interest at the rate of 10% a year on the base amount of the damage award from February 12, 2012 through the date of payment, and interest at the statutory rate on the remaining amount owed; ordering it to provide a bond of $180,000.00 in the required form or to make an additional payment of $180,000.00 to serve as a cash bond; ordering it to refrain from performing any work within the Union's geographic and craft jurisdiction, regardless of the name or business form used, until it makes all required payments and provides the additional bond; ordering it, when performing any work, to employ and retain stewards on all jobs and to provide weekly job reports to the LMCC.

Respectfully submitted,

   /s/ Barry M. Bennett
Attorney for
Administrative District Council 1 of Illinois
of the International Union of Bricklayers
and Allied Craftworkers, AFL-CIO

Barry M. Bennett
DOWD, BLOCH & BENNETT
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361

Z:\B -DC 1\Castle Construction Corp 11-7815\1.31.12 Filing\Agreed Motion for Entry.wpd